ON SECOND APPLICATION FOR WRIT OF MANDAMUS

WALLER, J., for the court:
¶ 1. This case presents a conflict between two important principles: first, that the courtrooms of our state should be open to the public, and second, that minor children involved in the judicial process must be protected. In an effort to safeguard the legitimate interests supporting both principles, we grant extraordinary relief, but not to the full extent sought by the petitioner newspaper publisher.
¶ 2. The death of Crystal Wells, the mother of Travis Butler, in November 1999, resulted in considerable publicity in this state and elsewhere. Travis Butler concealed the death of his mother for thirty-three days for fear of being placed in foster care. The body of Wells, who died of natural causes, was first discovered by a family friend, Dorothy Jeffries. Once this touching story unfolded in the news, a considerable sum of money was raised for the support of Travis, a minor child.
¶ 3. One month after Wells’s death, on December 7, 1999, the Juvenile Court of *1151 Memphis, Tennessee, entered a Protective Custody Order granting temporary custody of Travis to Shirley T. Wilder, his maternal grandmother. On January 4, 2000, Wilder filed a petition in the Chancery Court of Leake County, Mississippi, seeking guardianship of Travis, In the Matter of the Guardianship of Travis Leland Butler, a Minor, Cause No.2000-0002. On May 11, 2000, the Leake County Chancery Court closed all future hearings to the general public and the press and sealed the court file. Petitioner Memphis Publishing Company, the publisher of The Commercial Appeal, a daily newspaper published in Memphis, Tennessee, filed an Application for Writ of Mandamus in this Court on May 12, 2000, asking that this Court vacate the chancery court’s order dated May 11, 2000. After consideration of the Application and the responses filed thereto, a panel of this Court granted the Application for Writ of Mandamus and vacated the chancery court order of May 11, 2000. The panel further ordered that “[a]ny further consideration of restrictions as to the press and public in this case may only be taken in compliance with Gannett River States Publ’g Co. v. Hand, 571 So.2d 941, 945 (Miss.1990).” The panel’s decision was based in part on this Court’s order in another case, In re Hattiesburg American, No. 97-M-01099-SCT (Miss. July 23, 1998), where this Court first applied the procedure prescribed by Hand to a civil case.
¶ 4. After holding hearings in compliance with Hand, the Leake County Chancery Court once again closed Cause No.2000-0002 to the press and general public by opinion and order dated August 1, 2000. In response Memphis Publishing Company filed its Second Application for Writ of Mandamus, once again asking that this Court order that Cause No.2000-0002 be opened to the public. The respondents subsequently filed responses.
¶ 5. This guardianship proceeding deals with custody of the minor child and control of the minor child’s estate. After due consideration of the arguments and authorities presented, we find that cases involving domestic relations, and specifically, custody of children, are not subject to standards of closure as set out in Hand. Miss.Code Ann. § 93-5-21 (1994) provides wide discretion for a chancellor to close trials in divorce and custody cases, by stating in pertinent part: “The court may, in its discretion, exclude all persons from the court room during the trial except the officers of the court, attorneys engaged in the case, parties to the suit and the witness being examined.” We further find that the chancery court’s discretionary authority as to closure is of primary importance in dealing with cases involving confidential or sensitive testimony or other evidence that may detrimentally affect the emotional well-being of the children involved.
¶ 6. Matters concerning the estate of the minor child are financial matters which are due no such protection. We find that these matters, as to both hearings and the case file, should be open to the public.
¶ 7. We therefore hold that the Second Application for Writ of Mandamus filed by Memphis Publishing Company is granted in part to the extent that and the opinion and' order dated August 1, 2000, in the case In the Matter of the Guardianship of Travis Leland Butler, a Minor, Leake County Chancery Court, Cause No.2000-0002, are hereby vacated insofar as they close any proceeding or document in this ease which deals solely with the control of the estate of the minor child. The chancery court’s discretion to close that portion of the proceedings dealing with the minor child’s custody, as provided in Miss.Code Ann. § 93-5-21 (1994), is upheld. Therefore, the Second Application for Writ of Mandamus filed by Memphis *1152 Publishing Company is denied in all other respects.[1]
¶ 8. SECOND APPLICATION FOR WRIT OF MANDAMUS GRANTED IN PART AND DENIED IN PART.
PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, COBB and DIAZ, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.

. The order disposing of this issue was originally handed down on the 8th day of March, 2001. This opinion is to provide guidance to the bench and bar which would not be available in an unpublished order. Chancellor William Lutz called the writing Justice after the order was handed down requesting that an opinion be published. This was not the motivation for publication, but was considered by the Court. An opinion following an order is not unusual, and this procedure has been followed in other cases. (See In the Matter of R.B. v. State, 790 So.2d 830 (Miss.2001)). The better practice would be to state in the order that an opinion is to follow.